NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SCHMEISSER GMBH,**
*Plaintiff-Appellant*

**v.**

**AC-UNITY D.O.O.,**
*Defendant-Appellee*

---

2026-1196

---

Appeal from the United States District Court for the District of Wyoming in No. 2:21-cv-00024-SWS, Judge Scott W. Skavdahl.

---

Decided:  July 30, 2026

---

MICHAEL J. HARTLEY, Lewis Rice LLC, St. Louis, MO, argued for plaintiff-appellant.  Also represented by ROBERT M. EVANS, JR.; JON A. BRAGALONE, Carson LLP, Fort Wayne, IN.

KATHRYN ALLISON VANCE, Quicker Law, LLC, Atlanta, GA, argued for defendant-appellee.  Also represented by KATRINA M. QUICKER.

---

Before MOORE, *Chief Judge*, STOLL and STARK, *Circuit Judges*.

MOORE, *Chief Judge*.

Schmeisser GmbH (Schmeisser) appeals orders of the U.S. District Court for the District of Wyoming (1) construing certain distance-related claim terms in U.S. Patent No. 10,866,045 as indefinite, (2) granting partial summary judgment of invalidity and noninfringement in favor of AC-Unity d.o.o. (AC-Unity), and (3) dissolving a preliminary injunction previously entered by the court against AC-Unity. We *reverse-in-part*, *vacate-in-part*, and *remand* for further proceedings consistent with this opinion.

## BACKGROUND

Schmeisser owns the '045 patent, which relates to "a housing for a cartridge magazine for a firearm." '045 patent at 1:18–20. In 2021, Schmeisser sued AC-Unity and RTG Parts, LLC (RTG Parts) for infringing claims 1, 11, 13–15, and 17–19 of the '045 patent. J.A. 2145–51. Claims 1 and 11–14 are illustrative:

1. A housing for a cartridge magazine for a firearm, which extends along an X-axis, a Y-axis and a Z-axis, comprising:

   a front wall;

   a rear wall;

   a first side wall; and

   a second side wall, inside surfaces of the front wall, the rear wall, the first side wall and the second side wall forming an interior space consisting of a first region and a second region, between the first region and the second region a transitional region is formed which connects the first region and the second region with one another;

wherein the interior space is limited by the inside surfaces of the front wall, the rear wall, the first side wall and the second side wall;

wherein the inside surface of the front wall extends in the direction of the Z-axis in at least one of the regions along a first circular path;

wherein the inside surface of the rear wall extends in at least one of the regions in the direction of the Z-axis along a second circular path;

wherein the inside surfaces of the front wall and the rear wall in at least one of the regions are located at a *first distance (A)* from one another;

wherein the housing has a housing bottom side and a housing top side, magazine lips are formed on the housing topside, and the housing bottom side is designed to be at least partially open, the first region being configured for accommodating four stacks of cartridges arranged directly adjoining one other and being offset in the Z-direction relative to one another, the second region being configured for accommodating two stacks of cartridges arranged directly adjoining one another and being offset in the Z-direction relative to one another,

wherein the inside surface of the front wall has a first protrusion which protrudes in direction of the X-axis into the interior space of the housing and extends along the Z-axis originating from the transitional region at least partially into the first region

and also at least partially into the second region, and the inside surface of the rear wall has a second protrusion which protrudes in direction of the X-axis into the interior space of the housing and which along the Z-axis features a start in the first region and an end in the transitional region or in the second region.

11.  The housing of claim 1, wherein the inside surface of the first side wall in the transitional region is along a first curved path and the inside surface of the second side wall in the transitional region is along a second curved path, wherein the curved paths each have a respective turning point and extend from the bottom side of housing to the top side of the housing before the respective turning point in direction of a central plane, the curved paths, after their respective turning point, respectively fit against a first and a second parallel relative to the central plane.

12.  The housing of claim 11, wherein the curved paths are symmetrically identical.

13.  The housing of claim 12, wherein the first and second curved paths are arranged in a Z-direction offset relative to one another by *an offset (V)*.

14.  The housing of claim 13, wherein the inside surfaces of the first side wall and the second side wall in the first region are located at *a second distance (B)* and in the second region at a *third distance (C)* from one another, *the offset (V)* is between 7% and 35% of the difference between the *second distance (B)* and the *third distance (C)*.

'045 patent at 12:66–13:45, 14:25–45 (emphases added).

The distance-related terms at issue in this appeal are the "first distance (A)," "second distance (B)," "third distance (C)," and "offset (V)." The distances corresponding to these terms are shown and labeled, for example, in Figures 1, 5, and 6 of the '045 patent. '045 patent at Figs. 1, 5, 6.

In 2023, RTG Parts was dismissed from the case after reaching a settlement with Schmeisser. J.A. 2351. AC-Unity, however, did not settle, and the district court entered a preliminary injunction against AC-Unity. J.A. 633–34. After *Markman* proceedings, the court construed the distance-related terms as indefinite and denied Schmeisser's request for reconsideration. J.A. 9–36; J.A. 37–51. Based on this construction, the court granted partial summary judgment of noninfringement and invalidity in AC-Unity's favor[1] and dissolved the preliminary injunction. J.A. 52–55; J.A. 4–5. Schmeisser appeals.

## DISCUSSION

## I.  Jurisdiction

We have jurisdiction to review the district court's order dissolving the preliminary injunction under 28 U.S.C. § 1292(a)(1). The parties dispute, however, whether we also have pendent appellate jurisdiction to review the court's otherwise non-appealable *Markman* and summary judgment orders. Appellant's Br. 2; Appellee's Br. 1–4. We agree with Schmeisser that the doctrine of pendent appellate jurisdiction applies in this instance.

"In rare circumstances, the doctrine of pendent appellate jurisdiction allows federal courts of appeals limited

---

[1]  The court granted only partial summary judgment because it did not dispose of AC-Unity's counterclaim that the '045 is unenforceable "due to deceit and non-disclosures in the patent application." J.A. 54.

discretion to review a ruling that is not independently appealable if jurisdiction exists over another related ruling." *Orenshteyn v. Citrix Sys., Inc.*, 691 F.3d 1356, 1358 (Fed. Cir. 2012). We may exercise "pendent jurisdiction when the appealable and non[-]appealable decisions are 'inextricably intertwined' or when review of the non-appealable decision is necessary to review the appealable one." *Id.*

Here, the district court's *Markman* and summary judgment orders are inextricably intertwined with the preliminary injunction dissolution order because the dissolution was expressly based on the court's prior orders. J.A. 4–5 (explaining the preliminary injunction was "no longer warranted" based on the *Markman* and summary judgment proceedings). Thus, we cannot review the merits of the preliminary injunction dissolution independently of the court's *Markman* and summary judgment orders. We have previously exercised pendent appellate jurisdiction in similar circumstances. *See Helifix Ltd. v. Blok-Lok, Ltd.*, 208 F.3d 1339, 1345 (Fed. Cir. 2000) (exercising pendent appellate jurisdiction over an interlocutory grant of summary judgment when "the district court based its denial of the preliminary injunction request on its summary judgment ruling"). We thus conclude that this court has jurisdiction to review the district court's *Markman* and summary judgment orders.

## II. Indefiniteness

On the merits, Schmeisser argues (1) the court erred by construing the distance-related terms of the '045 patent as indefinite, and (2) this error infected the court's subsequent summary judgment and preliminary injunction dissolution rulings. We agree on both points.

We review a district court's determination of indefiniteness de novo. *Ironburg Inventions Ltd. v. Valve Corp.*, 64 F.4th 1274, 1284 (Fed. Cir. 2023). We review determi-

nations about governing legal standards and intrinsic evidence de novo, and any relevant factual findings about extrinsic evidence for clear error. *Id.* "[A] patent is invalid for indefiniteness if its claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention." *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 901 (2014). "Indefiniteness must be proven by clear and convincing evidence." *Maxell, Ltd. v. Amperex Tech. Ltd.*, 94 F.4th 1369, 1372 (Fed. Cir. 2024) (quoting *Sonix Tech. Co. v. Publ'ns Int'l, Ltd.*, 844 F.3d 1370, 1377 (Fed. Cir. 2017)).

The district court erred by concluding the distance-related claim terms are indefinite. The terms are clear on their face with each distance being well-defined by the claim language and readily measurable using conventional measurement tools. '045 patent at 12:66–13:45, 14:25–45. The remainder of the specification explains and depicts what each distance-related term represents. *Id.* at 5:64–67, 6:26–28, 6:55–67, 7:67–8:7, 11:24–30, Figs. 1, 5, 6. The prosecution history also supports the definiteness of the distance-related terms where, as here, (1) the claims were specifically amended to successfully *overcome* an indefiniteness rejection issued by the examiner, *see* J.A. 216–17 (rejection), J.A. 191–96 (amendment), J.A. 129 (withdrawn rejection), and (2) the evidence shows the examiner had no trouble determining whether prior art references met these limitations, J.A. 217–24 (issuing §§ 102 and 103 rejections in view of the prior art). Indeed, the district court itself admits it readily understood the scope of each distance-related term. *See* J.A. 19 (acknowledging "'first distance (A)' represents the interior distance between the front wall and the rear wall of the firearm magazine"); J.A. 26 (acknowledging "'second distance (B)' is the measurement between the inside of the two side walls in the quad-stack region of the magazine while 'third distance (C)' is the measurement between the inside of the two side walls in the double-stack

region of the magazine"); J.A. 31 (acknowledging "'offset (V)' . . . is simply a ratio of the difference between" second distance (B) and third distance (C)); J.A. 49–50 (admitting "the distances are of course measurable once the magazine is built"). This is all that definiteness requires. *Nautilus*, 572 U.S. at 910 (a claim term is definite if it "inform[s] those skilled in the art about the scope of the invention with reasonable certainty").

Despite acknowledging the clear meaning and measurability of the distance-related terms, the court improperly focused on a skilled artisan's purported inability to calculate or determine specific values for each distance to *build* an operable magazine housing. *See* J.A. 18–32 (focusing on a skilled artisan's inability to determine clearance values necessary to prevent jamming); J.A. 12–14 (stating the definiteness requirement "demands that a patent be specific enough for a [skilled artisan] to be able to *build and employ* the claimed invention" (emphasis added)); J.A. 19 (explaining that "if a [skilled artisan] could combine their knowledge base . . . with the patent to *build and use* the invention, 35 U.S.C. § 112(a), then the definiteness requirement will be satisfied" (emphasis added)). These considerations, however, are irrelevant to the definiteness inquiry, which is distinct from the enablement and written description requirements. *See Augme Techs., Inc. v. Yahoo! Inc.*, 755 F.3d 1326, 1340 (Fed. Cir. 2014) (rejecting "arguments [that] appear to be based on the wrong legal standard, i.e., written description or enablement as opposed to indefiniteness"). While the court below reasoned that the distinction is not "so crisp and neat," J.A. 46, it is a distinction our precedent has repeatedly recognized. *See, e.g.*, *Crown Operations Int'l, Ltd. v. Solutia Inc.*, 289 F.3d 1367, 1378 n.5 (Fed. Cir. 2002) ("[The definiteness] requirement is distinct from the enablement and description requirements . . . ."); *Process Control Corp. v. HydReclaim Corp.*, 190 F.3d 1350, 1358 n.2 (Fed. Cir. 1999) ("[D]efiniteness and enablement are analytically distinct requirements,

even though both concepts are contained in 35 U.S.C. § 112.").

Here, the claims are definite because a skilled artisan would be able, with reasonable certainty, to look at a firearm magazine housing, identify the claimed distances, measure them, and determine if the housing falls within the scope of the claim. That a skilled artisan might not be able to make the design decisions to successfully *build* an operable magazine housing based on the '045 patent's specification goes to the question of enablement, not definiteness. Because the court erred by conflating the standards for these separate legal requirements, it incorrectly concluded the claims were indefinite. Accordingly, we reverse the indefiniteness-related portions of the court's *Markman* order.

Because we reverse the court's indefiniteness conclusion, we also reverse the court's grant of partial summary judgment in AC-Unity's favor, which was expressly based on the erroneous *Markman* order. J.A. 53–54. We vacate the court's order dissolving the preliminary injunction for similar reasons, *see* J.A. 4–5 (justifying dissolution based on the *Markman* and summary judgment proceedings), and remand for further proceedings.

## CONCLUSION

We have considered AC-Unity's remaining arguments and find them unpersuasive. For the foregoing reasons, we (1) *reverse* the indefiniteness-related portions of the district court's claim construction and summary judgment orders, (2) *vacate* the dissolution of the preliminary injunction order, and (3) *remand* for further proceedings consistent with this opinion.

**REVERSED-IN-PART, VACATED-IN-PART, AND REMANDED**

10                                         SCHMEISSER GMBH v. AC-UNITY D.O.O.

COSTS

Costs to Schmeisser.